[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action commenced by the plaintiff husband by complaint dated April 15, 1999 and made returnable to the court on May 18, 1999 seeking a dissolution of marriage on the grounds of an irretrievable breakdown and related ancillary relief. The plaintiff subsequently filed an amended complaint dated November 15, 2000.
On August 14, 2001 this matter was tried to the court. The plaintiff represented himself throughout the proceedings having previously agreed to allow his counsel to withdraw her appearance on behalf of the plaintiff. The defendant was represented throughout the proceedings by counsel. Testimony was received from the plaintiff and the defendant. From the testimony and evidence produced at the trial and after carefully assessing the credibility of the witnesses, the court finds the following to have been proven.
The parties were intermarried on May 26, 1979 at Mystic, Connecticut. The plaintiff and defendant have one minor child, issue of the marriage and no other minor children have been born to the wife since the date of the marriage. The minor child resides with the plaintiff. Neither party is receiving any state, federal or local assistance. The plaintiff and defendant have resided in this state for more than one year immediately prior to the date of the complaint and cross complaint. The court finds that it has jurisdiction over the parties and the marriage.
The plaintiff husband is 47 years old. He is currently working as a tool designer/engineer for Turbine Kinetics earning, $1,384.00 a week. He had previously been employed as an aerospace engineer for well over twenty years. The plaintiff has an associates degree and is in good health although he is seeing a psychiatrist.
The plaintiff testified that he sought a dissolution of marriage because of personality conflicts with his wife. He claims that he has been subject to physical and verbal abuse by his wife.
The minor daughter, who is 17 years old, Lindsey Platek is currently residing with the plaintiff at his condominium at 46 Edgewood Street in Stafford Springs, Connecticut. The plaintiff purchased said condominium after the institution of the dissolution of marriage action without the consent of his wife.
In addition, the plaintiff has incurred significant debt from the date of the commencement of the dissolution action to the present as evidenced CT Page 12841 by his financial affidavits filed with the court. The debts were incurred as a result of the plaintiff purchasing, among other items, household furnishings, motorcycles, an automobile and his condominium.
As to the defendant's request for alimony the plaintiff is opposed to paying alimony as he believes it would be a reminder of his troubled marriage and that it would prevent him from having closure to this difficult marriage. He also believes that any alimony awarded would require him to obtain a second job.
The defendant wife is 48 years old and is currently working as a nurse at Johnson Memorial Hospital where she has been employed since 1974 and earns $705.00 per week. Ms. Platek does not receive medical benefits as a result of her employment at Johnson Memorial Hospital. She also operated an antique business which does not result in any current income. Her education resulted in her obtaining her LPN.
Last year, the defendant began to have medical problems. She was diagnosed as suffering from an abnormal blood count and cancerous polyps. The defendant is still receiving treatment from a hematologist/oncologist as a result of her condition. She had been feeling fatigued and she was advised by her physician to cut back on her work.
The parties oldest daughter, Allison Platek, age 21, is currently residing with the defendant at 5 Acorn Drive, Stafford Springs, Connecticut. Allison planned to attend Eastern Connecticut State University this year and will continue to reside with her mother. The defendant testified that she is making a significant contribution to the college expenses of her daughter. The plaintiff also testified that he is also contributing financial assistance to Allison.
In 1997, Allison suffered serious medical problems. She underwent multiple surgeries and was hospitalized for five months.
During the period of her daughters hospitalization, the defendant spent considerable time with her daughter at the hospital. The defendant testified that her husband did not support her efforts during this difficult period and this had a negative influence on her marriage.
The defendant also testified that she and her husband sought marital counseling but that her husband would not attend counseling beyond the first meeting.
The parties have been married over twenty-two years and have been separated since November of 1999. CT Page 12842
Each party has one of the children of the marriage living with them.
Since June 14, 2001, pursuant to Pendente Lite orders, the plaintiff has been paying the defendant $200.00 per week in alimony and the defendant has been paying the plaintiff $100.00 in child support payments.
The parties have agreed at the court trial on a number of issues and the court orders reflect those areas of agreement. However, the parties were unable to agree on alimony, the disposition of 5 Acorn Drive, Stafford Springs, attorney's fees and insurance.
The court finding does not find that either party was the cause of the breakdown of the marriage. The stress on the parties due to the medical problems of the oldest daughter of the parties and the personality differences of the parties contributed to the breakdown of the marriage.
After taking into consideration all of the criteria set forth in General Statutes §§ 46b-62, 46b-81, 46b-82 and 46b-84 and applying the same to the evidence, the court enters the following orders:
1. A decree is entered dissolving the marriage of the parties on the grounds of irretrievable breakdown.
2. The plaintiff and defendant shall have joint legal custody of the minor child with the primary residence with the plaintiff subject to reasonable rights of visitation with the defendant.
3. The defendant shall make child support payments to the plaintiff for the minor child in the amount of $100 per week until said child reaches 18 years of age. However, if upon reaching the age of 18 years the child remains a full time high school student, the defendant shall continue to make child support payments until the child reaches the age of 19 years, or leaves high school, whichever shall first occur. The court finds the child support to be in substantial compliance with the support guidelines.
4. The plaintiff shall provide medical insurance commensurate with his existing coverage for the benefit of the minor child. The defendant shall be entitled to medical insurance under COBRA at her own expense for the maximum period allowed by law.
5. The plaintiff and defendant shall share equally in the unreimbursed medical, dental, optical, pharmaceutical, orthodontic, psychological and optical expenses for the benefit of the minor child. The court CT Page 12843 finds that application of the support guidelines would be inequitable or inappropriate under the circumstances and approves this deviation from the child support guidelines due to the division of assets and liabilities of the parties, the provision of alimony to the defendant and the parties earning capacity.
6. The plaintiff shall be entitled to claim the minor child as an exemption on his state and federal tax returns.
7. The plaintiff's 1997 Nissan automobile in his possession shall remain his property free and clear of any claims by the defendant and the plaintiff shall assume and hold said defendant harmless of the outstanding loan on said automobile.
8. The defendant's 1994 Jeep automobile in her possession shall remain her property free and clear of any claim by the plaintiff.
9. The plaintiff's retirement pensions with UTC, the Town of Stafford and his 401(k) plan with Columbia Manufacturing shall continue to be the sole property of the plaintiff free of any claims by the defendant.
10. The defendant's retirement pension with Johnson Memorial Hospital shall continue to be the sole property of the defendant free of any claims by the plaintiff.
11. Each party shall retain possession of and are entitled to all household goods, furnishings and possession now under their possession and control.
12. The plaintiff shall maintain his current life insurance in the minimum amount of $75,000.00 naming the defendant as irrevocable beneficiary thereon for so long as he has an alimony obligation and shall provide on an annual basis proof that said policy is in effect.
13. The plaintiff currently resides at 46 Edgewood Street in Stafford with his 17 year old daughter and the defendant currently resides at 5 Acorn Drive in Stafford Springs with her 21 year old daughter. Accordingly, the court hereby orders the plaintiff to convey to the defendant by quitclaim deed any and all interest he may have in the property located at 5 Acorn Drive, Stafford Springs, Connecticut within thirty days of this order. The defendant shall assume, pay and hold the defendant harmless from the mortgage, taxes and insurance on said property. The defendant shall cause the plaintiff to be removed from the note and mortgage securing said property within two years of this order. CT Page 12844
14. Title to the property known as 46 Edgewood Street, #45, Stafford Springs, Connecticut shall remain vested in the plaintiff free of any interest of the defendant. The plaintiff shall hold the defendant harmless from the taxes and insurance on said property.
15. Except as specifically otherwise ordered, each party shall retain any other assets currently in their respective names.
16. The plaintiff shall remain custodian of the minor child's custodial account with the Stafford Savings Bank.
17. The court finds that this has been a marriage of twenty-two years. The court has considered all of the criteria set forth in Connecticut General Statutes § 46b-82 concerning alimony in setting the amount and duration of alimony. The court finds that the plaintiff earns almost double the earnings of the defendant. The court also finds that while the plaintiff is in good health, the defendant is not enjoying good health by virtue of her recent medical problems. Accordingly, the court orders the plaintiff shall pay to the defendant the sum of $200.00 per week as periodic alimony for a period of ten years. Said alimony shall terminate upon the death of the defendant, or the death of the plaintiff and shall not be modifiable as to duration. This alimony obligation is entered as a separate maintenance and said obligations shall not be affected by any discharge in bankruptcy.
18. Each party shall be responsible for his and her own attorney's fees and costs.
19. Except as specifically otherwise ordered, each party shall be responsible for the debts as set out in their respective financial affidavits and hold the other party harmless therefrom.
20. A contingent wage execution shall issue.
21. Defendant's counsel shall prepare and file within thirty days of this decision a judgment file and both parties and defendant's counsel shall sign the judgment file.
Edward C. Graziani Superior Court Judge